Weygandt, C. J.
 

 Early in the year 1936 there were two mortgages on the home of the defendants. The-first was held by the Custodian Savings
 
 &
 
 Loan Company to secure a note on which a balance of approximately $4,000 remained unpaid. The second was held' by one Gertrude Comstock to secure a note on which’ there was an unpaid balance of about $800. The defendants applied to the Home Owners’ Loan Corporation for a new loan in order to refinance their property.. The corporation appraised the premises at a valuation of $4,200, and advised the defendants that under its regulations it could loan them a maximum of 80 percent of the appraisal — $3,360—provided they were able-to effect a settlement with the two mortgagees whereby the total amount of incumbrances on the property would be reduced to a sum not exceeding the appraisal. This was done although it resulted in a partial loss to both mortgagees. In conformity with the-agreement among all the parties the defendants then obtained a loan from the Home Owners’ Loan Corporation amounting to 80 per cent of the appraised' value and secured by a first mortgage. The proceeds' were used in part to pay delinquent taxes and to meet the cost of necessary repairs. The balance was paid to the Custodian Savings & Loan Company which surrendered its note and old first mortgage. Then tofu rther reduce the loss of the loan company it was permitted to take a new note and a second mortgage from the defendants in the sum of $840, thus raising-the amount of the two new incumbrances to $4,200 — ■ the appraised value. The loan company waived the balance of its claim and surrendered its old note and' mortgage. The same thing was done by Mrs. Com-stock inasmuch as the property had depreciated to-
 
 *255
 
 such an extent that her security had become virtually valueless. Her attorney in fact duly executed the following release:
 

 “The undersigned holder of the second mortgage .shown by the preliminary title report, submitted to the Home Owners’ Loan Corporation, to be a lien on the property of Frank L. and Sophie L. Sternot [sic] has released said lien .for and upon the following consideration,
 

 ‘ ‘ none,
 

 ■and no claim or demand is now made or will hereafter be made by the undersigned, his heirs, executors, administrators or assigns, for any other consideration •either from Home Owners’ Loan Corporation or from ■any other source.”
 

 However, thereafter on April 7, 1936, Mrs. Corn-stock secretly demanded and obtained from the defendants a new cognovit note in the sum of $500. After it matured it was transferred to the plaintiff herein who filed the instant suit and reduced the note •to judgment. As above indicated, the trial court subsequently found that the note was obtained by duress and extortion, that no valuable consideration was given for it, and that the receiving of it by Mrs. Comstock was against public policy. . The prayer of the defendants ’ petition to vacate was granted and the note was •cancelled and rescinded. Was this correct?
 

 The plaintiff contends that Mrs. Comstock’s release related to her mortgage alone and not to the original note or obligation. This is refuted by the comprehensive and inescapable language itself that “no claim or demand is now made or will hereafter be made.” The new note obviously is a claim and a demand. There was no consideration for it inasmuch as no obligation remained after the execution of the release. Furthermore, if this cognovit note were valid, it would be a simple matter to reduce it to a judgment and subject the defendants’ property to the distress of a new lien
 
 *256
 
 therefor, thus accomplishing by indirection the very thing Mrs. Comstock admittedly agreed not to do-when she released and waived her mortgage lien in order to lessen the incumbrances and make possible-the refinancing proposal.
 

 With reference to the subject of consideration the-plaintiff contends that none was involved when Mrs. Comstock’s release was executed. Even if this be-conceded, no complaint can now be heard from either Mrs. Comstock or the plaintiff to whom the new note-was negotiated after its maturity. Mrs. Comstock was-a necessary party to the transaction and was acquainted with the facts involved. She knew that a new loan could not be obtained by the defendants unless she-released her mortgage lien and waived the unpaid balance on the note. She voluntarily and knowingly took these steps. Solely as a result of this action on her part the other parties to the transaction then changed their positions by completely refinancing the defendants’ property. Manifestly she and the plaintiff now are estopped from making a claim inconsistent with-her earlier statements and conduct.
 

 The defendants contend that the rules and regulations of the Home Owners’ Loan Corporation have the-force and effect of law, and that the new note secretly obtained by Mrs. Comstock was in violation thereof and therefore void. However, it is not necessary to base-this decision upon this controversial and questionable-ground, inasmuch as the doctrine of estoppel, is clearly applicable under the circumstances of this case.
 

 The judgment of the trial court is correct and properly was affirmed by the Court of Appeals.
 

 Judgment affirmed.
 

 Turner, Williams, Matthias, Hart and Zimmerman,, JJ., concur.
 

 Bettman, J., not participating.